## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CASE NO. 3:23-CV-190-RJC-DCK

| | | |
|---|---|---|
| IBEAWUCHI OSUAGWU, | ) | |
| | ) | |
| **Plaintiff,** | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| v. | ) | |
| | ) | |
| TRANSUNION, EXPERIAN, and EQUIFAX, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on the "CRA Defendants' Motion To Dismiss" (Document No. 24). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the arguments, the record, and applicable authority, the undersigned will respectfully recommend that the motion be <u>granted</u>.

## I. BACKGROUND

Ibeawuchi Osuagwu ("Plaintiff" or "Osuagwu"), appearing without counsel, initiated this action with the filing of a form "Complaint And Request For Injunction" (Document No. 1) on March 30, 2023. Plaintiff then filed a "Claim For Relief" (Document No. 40), construed by the Court as an "Amended Complaint," on July 14, 2023.

The caption of the Amended Complaint names TransUnion, Experian, Equifax, and ChexSystems as Defendants; however, the Amended Complaint only specifically asserts Counts against Equifax and ChexSystem for alleged violations of the Fair Credit Reporting Act. 15 U.S.C. § 1681 *et seq.* ("FCRA"). (Document No. 4).

"Defendant Trans Union LLC's Answer And Defenses To Plaintiff's Complaint" Document No. 13) was filed on August 8, 2023. A "Stipulation Of Dismissal With Prejudice" (Document No. 22) was then filed by Plaintiff and Defendant Chex Systems, Inc. ("ChexSystems") on August 23, 2023.

Now pending before the Court is the "CRA Defendants' Motion To Dismiss" (Document No. 24) and "Memorandum In Support…" (Document No. 25) filed on September 6, 2023, by Experian Solutions, Inc., TransUnion, LLC, and Equifax Information Services, LLC (collectively the "CRA Defendants"). The CRA Defendants seek dismissal pursuant to Fed.R.Civ.P. 8(a), 12(b)(6), and 12(c). (Document No. 24).

The Court issued a Roseboro "Order" (Document No. 26) on October 3, 2023, advising Plaintiff of the right to respond to the pending motion to dismiss, and noting that failure to respond would likely lead to dismissal of the lawsuit. No response, or any other filing, has been made by Plaintiff since the Court's Roseboro "Order" (Document No. 24). However, the Roseboro "Order" was returned to the Court as "unclaimed." See (Document No. 27). The Court's Order was then re-sent to Plaintiff on December 12, 2023, and there has still been no response.

The pending motion is ripe for review and a recommended disposition to the Honorable Robert J. Conrad, Jr.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts

to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007));  see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation."  Papasan v. Allain, 478 U.S. 265, 286 (1986).  The court "should view the complaint in the light most favorable to the plaintiff."  Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

## III. DISCUSSION

In support of dismissal, the CRA Defendants ("Defendants") assert that the Amended Complaint "consists of vague and conclusory allegations" that they violated FCRA.  (Document No. 25, p. 1).  Defendants contend these "allegations" are insufficient because "Plaintiff pleads no facts establishing inaccuracy in a consumer report."  Id.

Defendants go on tor argue that the Complaint "should be dismissed because Plaintiff fails to plausibly allege any factual inaccuracy in the CRA Defendants' reporting to sustain any claim under the FCRA." (Document No. 25, p. 3) (citations omitted). According to Defendants, "Plaintiff must allege sufficient facts to show his consumer report contained inaccurate information" or "is 'misleading in such a way and to such an extent that it can be expected to [have an] adverse' effect." (Document No. 25, p. 4) (quoting Dalton v. Capital Associated Indus., Inc., 257 F.3d 409, 415 (4th Cir. 2001).

Here, Plaintiff has alleged that he "disputed the accuracy of certain unverified, inaccurate and incomplete accounts on his consumer report" but does not identify what accounts were inaccurate or on which Defendants' "consumer reports." Id. In short, Defendants argue that this Court should not accept Plaintiff's "threadbare and conclusory allegations." Id. (citing Iqbal, 556 U.S. at 678).

Viewing the Amended Complaint (and the original Complaint) in the light most favorable to Plaintiff, the undersigned agrees that the Complaint(s) lack sufficient factual content to support plausible claims against Defendants. See Iqbal, 556 U.S. at 678. Moreover, Plaintiff's failure to make any filing with the Court since at least August 2023, and/or to keep his contact information updated, seems to suggest that Plaintiff may have abandoned this action.

Under these circumstances, the undersigned will recommend that the pending motion to dismiss be granted; however, the Court might consider dismissing this action without prejudice.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends the "CRA Defendants' Motion To Dismiss" (Document No. 24) be **GRANTED**.

4

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: January 9, 2024

David C. Keesler
United States Magistrate Judge

5